UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**DAVID AND CAROLYN NYREN,**

Plaintiffs,                                                           Case No.: 2:23-cv-982-JLB-KCD

v.

**TYPTAP INSURANCE COMPANY, INC.,**

Defendant,

_____/

FIRST AMENDED COMPLAINT

COMES NOW THE Plaintiffs, **DAVID AND CAROLYN NYREN**, ("Plaintiff" or "Insured"), by and through undersigned counsel, who file this Complaint, with all allegations made upon present information and belief, against Defendant, **TYPTAP INSURANCE COMPANY, INC.,** ("Defendant" or "Insurer"), on the grounds set forth below:

**JURISDICTION**

1. This action arises under this Court's Diversity Jurisdiction pursuant to 28 U.S.C. s. 1332(a).

2. Plaintiffs are, and have been, residents and citizens of the State of Illinois, domiciled therein, at all relevant times.

3. Defendant TypTap Insurance Company is a Florida corporation, with its principal place of business being in Florida, specifically, 3001 SE Maricamp Rd, Ocala, FL34471. It is not incorporated in Illinois.

4. The amount in controversy is in excess of $75,000.00.

## VENUE

5. The property made the basis of this action is located at 308 Turtle Hatch Road Naples, FL 34103 (hereinafter referred to as the "Insured Property"). The insured property is situated in the Middle District of Florida, Fort Myers Division, the acts or omissions of Defendant occurred in this District, and payment is due in this District, thus venue is proper in this Court pursuant to 28 U.S.C. s. 1391(b)(2),(3), and (d).

## PARTIES

6. Plaintiffs ("Plaintiff" or "Insured"), **DAVID AND CAROLYN NYREN**, was, and still is, the owner of the Insured Property at all times material to the allegations set forth in the Complaint.

7. Defendant, **TYPTAP INSURANCE COMPANY,** ("Defendant" or "Insurer"), was and is a private flood insurance company which is qualified to do

business in the State of Florida. Defendant issued a Private Flood Insurance Policy (PFIP) to the Plaintiff.

## FACTUAL ALLEGATIONS

8. Defendant issued an insurance policy to Plaintiff, namely, Policy No. 12-1057514-02 ("Policy"), whereby Defendant agreed to pay the Plaintiff for direct physical loss to the Insured Property caused by or from a "flood" as defined by the Policy. (A true and correct copy of the Policy is attached herein as **Exhibit "A"**).

9. The Policy was issued pursuant to Florida Law, and Florida Law applies to it. Further, the Policy was issued for delivery from TypTap's principal place of business as described above.

10. Plaintiff dutifully paid the premiums charged by Defendant for the coverages afforded pursuant to the terms of the Policy and the Policy was in full force effect on the date of loss.

11. On or about September 28, 2022, the date of loss, the aforementioned Insured Property sustained damage as a result of a covered peril, namely flooding, from Hurricane Ian, which caused substantial property damage and further insured losses.

12. The purportedly covered damages were thoroughly documented by the experts retained by the Plaintiff, with supporting documentation, including specifications of the damaged dwelling and detailed, accurate repair estimates, were submitted to Defendant.

13. Plaintiff submitted a claim, Defendant acknowledged the claim, opened coverage, and assigned Claim Number 12-3010355-22 to the claim/loss.

14. Damage, as a result of a flood, was or should have been, if properly evaluated, a covered cause of loss pursuant to the terms and conditions of the Policy so issued.

16. The Proof of Loss detailing the losses was received by Defendant in compliance with the terms of the Policy.

17. Despite multiple attempts by Plaintiff to move the claim toward resolution, Defendant has repeatedly failed honor its Policy obligations and failed to indemnify Plaintiff for the losses sustained.

## COUNT I - BREACH OF INSURANCE CONTRACT

18. Plaintiff adopts and incorporates into this Count, as if fully rewritten herein, all of the allegations set forth in the above paragraphs.

19. Damage, as a result of a flood, was a covered cause of loss pursuant to the terms and conditions of the insurance policy issued by Defendant.

20. Plaintiff submitted a timely claim to Defendant for the alleged damages and have met all conditions precedent to the filing of a lawsuit, or all conditions precedent have been waived by Defendant.

21. Plaintiff submitted a factually detailed estimate of the damages and a sworn statement in Proof of loss, outlining a dispute as to the proper actual cash value.

22. Defendant has breached its insurance contract with Plaintiff by denying or constructively denying Plaintiff's claims for damages.

23. Defendant has breached its insurance contract with Plaintiff by failing and refusing to tender all insurance proceeds due and owing because of the purportedly covered loss.

24. Defendant has further breached its insurance contract with Plaintiff by failing and refusing to properly and fairly adjust all losses with its insured as required by the Policy.

25. As a result of Defendant's breach of insurance contract, as alleged herein, and also as will be demonstrated in discovery, Plaintiff has been deprived of the full coverage and other benefits afforded under the Policy, and is thus damaged by Defendant's breach.

26. Plaintiffs have hired the undersigned firm to represent them in this action and have obligated themselves to pay reasonable attorneys fees for such representation. As such, Defendant is liable for such fees and costs pursuant to Fla. Stat. s. 627.428.

WHEREFORE, Plaintiffs, **DAVID AND CAROLYN NYREN,** prays that after due proceedings are heard, that this Honorable Court enter Judgment in favor of Plaintiff and against the Defendant, **TYPTAP INSURANCE COMPANY, INC.,** for all amounts for damages to which it is entitled due to Defendant's breach of the insurance contract, and for such other costs, expenses, attorneys fees pursuant to Fla. Stat. S. 627.428, and other relief that this Honorable Court may deem to be in accordance with the applicable law, and as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 14, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify

that the foregoing is being served this day upon all counsel of record or pro se parties identified in the following Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                  Respectfully submitted,

                                  **VishioForry Insurance Lawyers**

*/s/ Garrett William Haakon Clifford, Esq.*
Garrett William Haakon Clifford, Esq. Fla. Bar 107315 *Attorney for Plaintiff*
1112 Goodlette-Frank Road, Suite 204, Naples, Florida 34102
(239) 703-7210
(239) 900-1993 (Fax)
service@vwflegal.com
kkelemen@vwflegal.com